JACKSONWHITE
ATTORNEYS AT LAW
A Professional Corporation

40 North Center, Suite 200
Mesa, Arizona  85201
(480) 464-1111
Attorneys for Plaintiff
Email: centraldocket@jacksonwhitelaw.com
By:    Michael R. Pruitt, No. 011792
       mpruitt@jacksonwhitelaw.com

**IN THE UNITED STATES DISTRICT COURT,**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Diana Shields filing individually and on behalf of all others similarly situated; | Case No. _____ |
| Plaintiff | **COMPLAINT** |
| vs. | **The Fair Labor Standards Act, 29 U.S.C. § 201 and A.R.S. § 23-363** |
| SMC Promotions, Inc.; | **Collective Action** |
| Defendant. | **(Jury trial requested)** |

Plaintiff, Diana Shields ("Shields" or "Plaintiff"), individually and on behalf of all other similarly situated current and former employees of SMC Promotions, Inc. ("SMC"), by and through her counsel undersigned, for her Complaint alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1.     This action arises under the statutes of the United States for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 since this matter arises under a federal statute.

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over all other related claims that form part of the same case or controversy.

4. Pursuant to 29 U.S.C. § 216(b), this Court has jurisdiction over this matter as an action brought by Plaintiff as an individual and as a collective action brought on behalf of all current and former similarly situated employees of SMC.

5. Defendant SMC is subject to the provisions of the FLSA as an employer since it is involved in interstate commerce and generates annual revenue in excess of $500,000.

6. This court has subject matter jurisdiction in this matter, and venue is appropriate to this court because many of the acts alleged herein occurred within this District in the State of Arizona, SMC conducts business within this District in the State of Arizona, and because Plaintiff Shields resides within this District in the State of Arizona.

**PARTIES**

7. Plaintiff Shields is filing this collective action as an individual and on behalf of all other similarly situated current and former SMC employees. Her written consent form for joining this lawsuit is attached herein as Exhibit "1."

8. Ms. Shields is a resident of Mesa, Arizona who was employed by SMC from approximately January 2007 through September 2009.

9. When Ms. Shields was first employed with SMC, she performed telephonic fundraising solicitations for a Christian charity. When the Christian charity solicitation program terminated, Ms. Shields was transferred and began working as a call center sales representative.

2

10. During some or all of the time period relevant for this lawsuit, Ms. Shields was supervised by Shawn Adams who was also responsible in whole or in part for terminating Ms. Shields's employment.

11. On information and belief, SMC is a foreign corporation with offices located in Simi Valley, California. SMC is registered with the Arizona Corporation Commission to conduct business within the state of Arizona with a given address of 4041 N. Central Avenue, Building B, Phoenix, Arizona 85012.

12. SMC conducts business throughout the United States by way of a large call center it operates in the Phoenix, Arizona metropolitan area.

## BACKGROUND FACTS

13. Ms. Shields and other similarly situated current and former call center sales representatives employed by SMC (herein designated as the "class") are covered employees subject to the provisions of the FLSA.

14. SMC is a covered employer subject to the provisions of the FLSA.

15. Under the FLSA, employers are required to keep accurate records related to compensation and hours worked by all covered employees.

16. Under the FLSA at 29 U.S.C. § 207, covered employees are required to receive overtime wages at a rate of at least 1 ½ times their normal hourly rate for hours worked in excess of forty during a workweek unless they qualify for a specific exemption contained in the FLSA.

17. Under the FLSA at 29 U.S.C. § 206, covered employees are required to receive a mandated minimum hourly wage in compensation for each hour worked.

18. Ms. Shields and the other members of the class are covered employees subject to the provisions of A.R.S. Title 23, Article 8, Minimum Wage (A.R.S. § 23-363 et. seq).

19. SMC is a covered employer subject to the provisions of A.R.S. Title 23, Article 8, Minimum Wage (A.R.S. § 23-363 et. seq).

20. Under A.R.S. § 23-363, covered employees are required to receive a minimum hourly wage in compensation for each hour worked. During the relevant time period, the minimum wage mandated by Arizona statute has equaled or exceeded the minimum wage mandated by the FLSA

21. SMC is a distributer of gift and specialty items, novelties, electronics, household goods and other products which are sold to individuals known or referred to by SMC as "members."

22. SMC members attempt to sell the various items they obtain from SMC to the public or other business entities at a profit.

23. In order to become members, individuals must pay membership fees to SMC. For additional fees, SMC, or a related business entity, provide members with various sales and promotional services such as creating and/or maintaining an Internet web site designed to promote and facilitate sales for members.

24. SMC markets and promotes itself as a way for private individuals to own and operate their own business through becoming SMC members.

25. Individuals who are interested in learning about SMC memberships, becoming members and/or purchasing additional membership services provide contact information to SMC or call SMC directly. It is the job of Ms. Shields and the other members of the class to contact and/or

4

talk to these individuals and sell them memberships, products and/or other services from SMC or an affiliated business entity.

26. Ms. Shields and the other members of the class perform their duties at an SMC call center under strict supervision according to set procedures, company policies and directives from their supervisors and/or company management and do not supervise other SMC employees.

27. During most if not all of the relevant time period for this lawsuit, Ms. Shields and, on information and belief, the other members of the class were ostensibly paid a normal hourly wage of $7.50.

28. Ms. Shields and the other members of the class were each given a weekly sales figure/quota to meet.

29. With a few rare exceptions, Ms. Shields and the majority of the other members of the class did not normally meet their assigned weekly sales figure/quota.

30. On rare occasions, when Ms. Shields or a member of the class met or exceeded their weekly sales figure/quota they earned a commission for that week in addition to their normal hourly wage. This commission came in the form of a paycheck separate and distinct from the paycheck derived from the normal hourly wage paid to the employee.

31. If Ms. Shields and the other members of the class did not meet their weekly sales figure/quota during their normal workweek they were expected to work additional hours, such as on weekends, in order to increase their sales total for the week. As a result, Ms. Shields and the other members of the class routinely worked over 40 hours in the majority if not almost all workweeks.

32. If after working such additional hours, Ms. Shields or any other member of the class who still did not meet their weekly sales figure/quota, would receive no commission for the week and have their normal hourly wage for the week reduced by 10%.

33. As a result, during the majority if not almost all workweeks Ms. Shields and the majority of the other members of the class were compensated at a rate less than the statutorily mandated minimum wage under the FLSA and/or Arizona statute.

34. SMC has maintained that Ms. Shields and the other members of the class are not eligible to receive overtime wages based on an exemption contained in the FLSA. On information and belief, this exemption is one designated for employees of retail or service establishments who receive more than half their compensation through commissions on goods or services as outlined at 29 U.S.C. § 207(i).

35. Ms. Shields and the other members of the class did not meet the requirements of 29 U.S.C. § 207(i) and should have rightfully been paid overtime wages.

36. Ms. Shields and the other members of the class do not legally or rightfully qualify for any of the exemptions to the payment of overtime wages contained in the FLSA.

37. SMC requires and expects Ms. Shields and the other members of the class to work in excess of forty hours during almost all workweeks.

38. As a result, during the majority if not almost all workweeks, Ms. Shields and the majority of the other members of the class worked in excess of 40 hours during each workweek without receiving any overtime compensation as mandated under the FLSA.

39. This collective action arises from an ongoing illegal and improper scheme by SMC to systematically and willfully violate the provisions of the FLSA by knowingly and deliberately failing to pay Ms. Shields and the other members of the class the overtime and/or minimum wages legally due them.

40. SMC exercised control over the wages, hours and working conditions of Ms. Shields and the other members of the class.

41. Ms. Shields, on behalf of herself and others similarly situated, allege that SMC knowingly and willfully violated, and continues to violate, the provisions of the FLSA by falsely claiming that Ms. Shields and the members of the class do not qualify for the overtime wage provisions of the FLSA.

42. Ms. Shields, on behalf of herself and others similarly situated, allege that SMC knowingly and willfully violated, and continues to violate, the provisions of the FLSA and/or Arizona statute by failing to pay Ms. Shields and the members of the class a statutorily mandated minimum wage.

43. During a portion of the relevant time, SMC willfully and knowingly failed to maintain a full record and accounting of the number of hours worked by Ms. Shields and the other members of the class in violation of the record keeping requirements of the FLSA.

44. All decision(s) regarding whether or not to pay overtime wages and/or minimum wages under federal and/or state law to Ms. Shields and the other members of the class were made with the knowledge, approval and at the direction of SMC's ownership and/or management.

45. SMC employs human resources personnel and legal counsel to ensure compliance with all applicable state and federal statutes, including the FLSA and Arizona wage payment and minimum wage statutes.

46. SMC knows or should have known that its policies regarding payment of overtime wages as described herein violated the FLSA.

47. SMC knows or should have known that its policies regarding payment of minimum wages as described herein violated the FLSA and/or Arizona statutes.

48. As an employer, SMC is responsible for the illegal conduct and policies described herein related to the failure to comply with the provisions of the FLSA and/or Arizona statutes.

49. The illegal policies and practices described herein are part of a centralized policy, practice and scheme developed and orchestrated by SMC and its ownership and management.

50. The actions of SMC in deliberately failing to pay Ms. Shields and the other members of the class the wages rightfully due them was done for the purpose of enriching and benefitting SMC.

51. As a result of the actions of SMC, Ms. Shields and the other members of the class have suffered economic damages.

52. Pursuant to the provisions of 29 U.S.C. § 216(b), Ms. Shields seeks to pursue an action on behalf of herself as an individual and as a collective action on behalf of the class of other similarly situated current and former SMC call center sales representatives who have not been paid their legally required overtime wages in the three years preceding this lawsuit.

53. Pursuant to the provisions of 29 U.S.C. § 216(b), Ms. Shields seeks to pursue an action on behalf of herself as an individual and as a collective action on behalf of the class of other similarly situated current and former SMC call center sales representatives who have not been paid a statutorily mandated minimum wage.

54. As a collective action, those similarly situated to Ms. Shields may join this lawsuit by filing consent to join forms with the Court.

55. As appropriate, Plaintiff reserves the right to amend and supplement the definition of the outlined class of similarly situated individuals as information is disclosed and uncovered through future discovery.

## COUNT 1
**(Violation of the FLSA, 29 U.S.C. § 201 et seq.)**

56. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

57. Ms. Shields and all other similarly situated current and former SMC call center sales representatives are covered by the minimum and overtime wage provisions of the FLSA as outlined in 29 U.S.C. §§ 206 and 207.

58. Ms. Shields and all other similarly situated current and former SMC call center sales representatives do not rightfully qualify for any of the exemptions to the payment of overtime wages outlined in the FLSA.

59. Ms. Shields and all other similarly situated current and former SMC call center sales representatives were and continue to be legally entitled to receive overtime compensation at a rate

of one and one-half (1 ½) times their regular hourly wage for any hours worked in excess of forty hours in a workweek.

60. Ms. Shields and all other similarly situated current and former SMC call center sales representatives routinely worked, and continue to work, in excess of forty hours during their workweek without receiving overtime compensation in violation of the FLSA.

61. Ms. Shields and all other similarly situated current and former SMC call center sales representatives routinely worked, and continue to work, without receiving the legally mandated minimum wage in violation of the FLSA.

62. As a result of the illegal and improper policy of SMC regarding the payment of minimum and overtime wages as previously outlined, Ms. Shields and all other similarly situated current and former SMC call center sales representatives have suffered economic damages in an amount to be proved at trial.

63. The policy of SMC to not pay overtime and minimum wages to Ms. Shields and all other similarly situated current and former SMC call center sales representatives was willful, entitling Ms. Shield and all other similarly situated collective action members to recover damages for the three years preceding the date at which they joined this action as provided for by the FLSA and 29 U.S.C. § 255(a).

64. As provided for by the FLSA, SMC is liable to Ms. Shield and all other similarly situated collective action members for liquidated damages in an amount equal to their economic damages and their reasonable attorneys' fees and costs.

65. As a result of violating the FLSA, SMC is also liable to Ms. Shield and all other similarly situated collective action members for recovery of any other damages as provided for under any other applicable statutes.

## Count II
**(Violation of A.R.S. § 23-363)**

66. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

67. Ms. Shields and all other similarly situated current and former SMC call center sales representatives are covered by the minimum hourly wage provisions of A.R.S. § 23-363.

68. During some or all of the relevant time period, SMC failed to properly pay Ms. Shields and other similarly situated current and former SMC call center sales representatives the minimum wages due them under Arizona statute.

69. As a result of the failure of SMC to provide a proper minimum wage as outlined herein, Ms. Shields and other similarly situated current and former SMC call center sales representatives have suffered economic damages in an amount to be proven at trial.

70. As provided for under A.R.S. § 23-364, SMC is liable to Ms. Shields and other similarly situated current and former SMC call center sales representatives for the balance of the wages owed, interest thereon, an additional amount equal to twice the underpaid wages and all reasonable attorneys' fees and costs.

11

71.     The policy of SMC to not pay legally mandated minimum wages under Arizona statute to Ms. Shields and other similarly situated current and former SMC call center sales representatives was willful.

72.     Therefore, as provided for under A.R.S. § 23-364, Ms. Shields and other similarly situated current and former SMC call center sales representatives are entitled to commence an action in a court of competent jurisdiction to recover as appropriate such damages no later than three years after the last violation of A.R.S. § 23-363 occurred and may make a recovery for any and all violations that occurred as part of a continuing course of employer conduct regardless of date.

73.     In the alternative, as provided for under A.R.S. § 23-364, should a violation of A.R.S. § 23-363 occur which is not willful, Ms. Shields and other similarly situated current and former SMC call center sales representatives are entitled to commence an action to recover appropriate damages no later than two years after the last violation of A.R.S. § 23-363 occurred and may make a recovery for all violations that occurred as part of a continuing course of employer conduct regardless of date.

74.     As a result of violating A.R.S. § 23-363, SMC is liable to Ms. Shields and other similarly situated current and former SMC call center sales representatives for such unpaid wages, other amounts, civil penalties and legal or equitable relief as this Court may deem just and proper.

**WHEREFORE,** Plaintiff and all other similarly situated current and former sales call center representative request that this Court enter judgment in their favor and against the Defendant as follows:

A.    Declare and certify that this action can proceed as a collective action on behalf of Ms. Shields and other similarly situated current and former SMC call center sales representatives;

B.    That this Court should issue an order that notice of this collective action be sent to all similarly situated current and former SMC employees working as call center sales representatives informing them of the opportunity to join this collective action through the filing of consent to join forms with the Court;

C.    Declare that Ms. Shield and those similarly situated who join this collective action are legally entitled to collect overtime and minimum wages and that the policy of SMC to not pay overtime and minimum wages to Ms. Shields Plaintiff and all similarly situated current and former SMC employees working as call center sales representatives was, and continues to be, illegal and improper and in violation of the FLSA and Arizona statute;

D.    Declare that the actions of SMC in failing to pay overtime and minimum wages were willful and that a three year statue of limitations should apply for Ms. Shields and those similarly situated for the purpose of collecting the overtime and minimum wages properly due them;

E.    Enter a judgment against SMC in an amount to be proved at trial as compensation to Ms. Shields and those similarly situated who join this collective action for the overtime and minimum wages that SMC illegally and improperly withheld in violation of the FLSA and Arizona statute;

F.     Declare that Ms. Shields and all those similarly situated who join this collective action are entitled to all remedies available to them under the FLSA including unpaid overtime and minimum wages, liquidated damages and attorneys' fees and costs;

G.     Declare that Ms. Shields and all those similarly situated who join this collective action are entitled to all remedies available to them under Arizona law for SMC's failure to pay minimum wages including the balance of the wages owed, interest thereon, an additional amount equal to twice the underpaid wages and all reasonable attorneys' fees and costs;

H.     Award Plaintiff and all those similarly situated who join this collective action interest at the highest rate allowable on their unpaid wages from the time that SMC was legally obligated to pay those wages;

I.     Award Plaintiff and all those similarly situated who join this collective action prejudgment interest on all liquidated sums awarded at the highest legal rate allowable;

J.     Award Plaintiff and all those similarly situated who join this collective action interest on all sums awarded in judgment at the highest legal rate allowable from the date of judgment until paid;

K.     That Ms. Shields and all those similarly situated who join this collective action recover any and all other damages or amounts to which they are legally entitled;

L.     Order that SMC comply with the provisions of 29 U.S.C. § 215(a)(3) regarding the prohibition of punitive action and retaliation against any current or former SMC employee for participation in this action either as a named Plaintiff, as someone similarly situated who has joined the case or as a witness;

14

M. That this Court retain jurisdiction over this action to ensure full compliance with the Court's orders and require SMC to file such reports as the Court deems necessary to evaluate such compliance; and

N. For such other and further relief as this Court deems just and proper.

**DATED** this 6th day of December, 2010.

**JACKSON WHITE**

s/ Michael R. Pruitt
Michael R. Pruitt, No. 011792
40 N. Center Street, Suite 200
Mesa, Arizona 85201
Attorneys for Plaintiff

F:\STU\Shields, Diana\Pleadings\Complaint.Collective.Shields.wpd